**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>           *Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>and<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>935 Pennsylvania Avenue NW<br>Washington, DC 20535<br><br>           *Defendants.* | Case No. 17-718 |

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the U.S. Department of

Justice and the Federal Bureau of Investigation under the Freedom of Information Act, 5 U.S.C.

§ 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking

declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## PARTIES

2.      Plaintiff American Oversight is a nonpartisan organization committed to the

promotion of transparency in government, the education of the public about government

activities, and ensuring the accountability of government officials. Through research and FOIA

requests, American Oversight will use the information gathered, and its analysis of it, to educate

the public about the activities and operations of the federal government through reports,

published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

3.      Defendant U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The National Security Division (NSD) is a component of DOJ and has possession, custody, and control of the records that Plaintiff seeks.

4.      Defendant Federal Bureau of Investigation (FBI) is a component of DOJ and is also headquartered in Washington, DC, with field offices across the country. The FBI has possession, custody, and control of the records that American Oversight seeks.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

6.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

7.      American Oversight timely appealed the NSD's adverse determination on its request pursuant to 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa). DOJ denied American Oversight's appeal on April 13, 2017, and notified American Oversight that its FOIA request was ripe for judicial review. American Oversight has therefore properly exhausted all administrative remedies with respect to Defendant DOJ.

8.      Because Defendant FBI has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies with respect to the FBI pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to

judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

**STATEMENT OF FACTS**

*Background*

9.      On March 4, 2017, President Donald Trump issued a series of statements asserting that then-President Barack Obama had wiretapped Mr. Trump and his associates in Trump Tower for improper purposes during the course of the 2016 presidential campaign. Specifically, the president issued a series of "tweets" on his Twitter account, @realDonaldTrump, stating that he "[j]ust found out that Obama had my 'wires tapped' in Trump Tower just before the victory. Nothing found." The president further elaborated, "[i]s it legal for a sitting President to be 'wire tapping' a race for president prior to an election? Turned down by court earlier"; "I'd bet a good lawyer could make a great case out of the fact that President Obama was tapping my phones in October, just prior to Election!"; and "How low has President Obama gone to tapp [sic] my phones during the very sacred election process."

10.      On March 20, 2017, testifying before the Permanent Select Committee on Intelligence in the House of Representatives, FBI Director James Comey publicly stated that he was aware of "no information" to support Mr. Trump's claims that Mr. Trump and his associates were wiretapped at Trump Tower by Mr. Obama.

11.      Mr. Comey's testimony regarding the absence of information supporting Mr. Trump's claims occurred in a public, televised hearing.

*FOIA Request*

12.      On March 20, 2017, American Oversight submitted a FOIA request to the NSD and the FBI seeking access to the following records:

1.  All warrant applications or other records requesting a court to institute an intercept of telecommunications or a pen register trap and trace on electronic communications or telecommunications in connection with presidential candidate Donald Trump, Trump Tower (located at 725 5th Avenue, New York, NY), entities housed in Trump Tower, or any person affiliated with Mr. Trump's campaign, whether paid or unpaid, between June 16, 2015, and the present, whether under the authority of the Foreign Intelligence Surveillance Act; Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended; or other authority.

2.  Any court order or other document providing authority to institute or maintain such a requested wiretap, intercept, or pen register.

3.  Any court order or other document rejecting such an application or request for authority for a wiretap, intercept, or pen register.

4.  Any records logging or listing any such wiretaps, intercepts, or pen registers.

5.  All communications, documents, or other material exchanged between DOJ or the FBI and Congress, or briefing papers or talking points prepared for congressional briefings, regarding the wiretaps, intercepts, or pen registers discussed, or records described, in Items 1–4, supra.

A copy of the FOIA request is attached hereto as Exhibit A and incorporated herein.

*Entitlement to Expedited Processing*

13.   American Oversight sought expedited processing of its FOIA request under 28 C.F.R. § 16.5(e)(1)(iv).

14.   American Oversight's FOIA request relates to "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv).

15.   American Oversight's FOIA request involves matters of widespread and exceptional media interest.

16.     There has been widespread media coverage of Mr. Trump's allegations that Mr. Obama directed the tapping of the communications of Mr. Trump and persons affiliated with his campaign for purposes related to the 2016 presidential election, including, as examples, the three media articles cited in American Oversight's FOIA request.

17.     There has been widespread media coverage of the allegations that Mr. Trump and his campaign affiliates had contacts with Russian officials, and that those contacts are under investigation, including, as examples, the six media articles cited in American Oversight's FOIA request.

18.     These matters have remained matters of widespread and exceptional media interest since the submission of American Oversight's FOIA request, as demonstrated by the three additional articles on ongoing developments related to Mr. Trump's wiretapping allegations cited in American Oversight's administrative appeal.

19.     The subject of American Oversight's FOIA request also raises questions about the government's integrity that affect public confidence.

20.     Both the allegation that Mr. Obama improperly instituted wiretaps for electoral purposes and the possibility that investigations established national security or criminal bases to seek court-ordered wiretapping of Mr. Trump and persons affiliated with his campaign raise questions about whether the current and the former president or any of their associates acted unlawfully and about the very integrity of the 2016 presidential election.

*Agency Responses*

21.     On April 11, 2017, American Oversight received an acknowledgement letter from the FBI confirming receipt of its FOIA request. The FBI assigned the request tracking number

1371005-000. American Oversight has received no further communication from the FBI regarding the processing of its FOIA request.

22.    The FBI has not responded to American Oversight's FOIA request, notwithstanding the obligation of the agency under FOIA to respond within twenty working days.

23.    Through the FBI's failure to make a determination as to American Oversight's request for expedition or to respond to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its administrative remedies with respect to the FBI.

24.    NSD responded to the FOIA request on April 3, 2017. NSD assigned the request tracking number FOIA/PA #17-116. A copy of NSD's response is attached hereto as Exhibit B and incorporated herein.

25.    In its response, NSD denied American Oversight's request for expedited processing based on NSD's view that American Oversight had not demonstrated that there was an urgency to inform the public concerning the actual or alleged federal government activity that formed the basis of the request. NSD did not evaluate American Oversight's stated basis for expedited processing. Plaintiff received no other communication from DOJ in response to its FOIA request addressing Plaintiff's request for expedited processing under 28 C.F.R. § 16.5(e)(1)(iv).

26.    On the substance of Plaintiff's FOIA request, NSD claimed that the agency could "neither confirm nor deny the existence of records" responsive to the request without revealing classified information.

27.     On April 12, 2017, Plaintiff American Oversight filed an administrative appeal with the DOJ Office of Information Policy (OIP) regarding NSD's response to its FOIA request. A copy of the appeal is attached hereto as Exhibit C and incorporated herein. American Oversight appealed DOJ's failure to determine that its FOIA request was entitled to expedited review. American Oversight further sought expedited processing of its administrative appeal under 28 C.F.R. § 16.5(e)(1)(iv).

28.     American Oversight also administratively appealed NSD's failure to conduct a search for responsive records and to produce those records to American Oversight or identify a specific basis for withholding them as required by FOIA. American Oversight's appeal explained that NSD could not properly refuse to either confirm or deny the existence of the requested records because the government has previously publicly addressed the existence or nonexistence of those records on multiple occasions.

29.     Senior executive branch officials have at least twice addressed in public the existence or nonexistence of records responsive to American Oversight's FOIA request.

30.     First, on March 4, 2017, the President of the United States publicly acknowledged that the federal government instituted wiretaps on communications at Trump Tower.

31.     The president is the highest authority in the executive branch and undoubtedly has the authority to officially acknowledge facts that might otherwise be exempt from disclosure under FOIA because of classification.

32.     In light of the president's public statements regarding the wiretapping conducted by the federal government at Trump Tower, the existence or nonexistence of those wiretaps is not, or is no longer, properly classified.

33.     Second, in addition to Mr. Trump's tweets, the Director of the Federal Bureau of Investigation, has also publicly addressed the existence or nonexistence of records responsive to American Oversight's FOIA request, testifying in open session before the Permanent Select Committee on Intelligence in the House of Representatives that he had no information that would support Mr. Trump's wiretapping claim.

34.     On information and belief, Mr. Comey would not have been willing to testify on the record at an open hearing about the existence or nonexistence of evidence of wiretapping of Mr. Trump or his associates at Trump Tower if the existence or nonexistence of those records remained classified.

35.      Consequently, the president's public statements and the FBI director's public testimony contradict NSD's assertion that the existence or nonexistence of records regarding the federal government's wiretapping of Mr. Trump or his associates at Trump Tower remains classified.

36.     On April 13, 2017, OIP responded to American Oversight's administrative appeal. A copy of OIP's response is attached hereto as Exhibit D and incorporated herein. OIP assigned American Oversight's appeal tracking number DOJ-AP-2017-003494.

37.     In its response, OIP determined that American Oversight's appeal of the denial of expedited processing of its initial FOIA request was "moot" because NSD had already responded to American Oversight's request, notwithstanding the fact that NSD had neither provided records in response to American Oversight's request nor indicated that it was withholding specific responsive records based on an assertion that those records were exempt under FOIA.

38.     OIP then affirmed NSD's action on American Oversight's request, and "determined that NSD properly refused to confirm or deny the existence of any records

responsive to [American Oversight's] request because the existence or nonexistence of any

responsive records is currently and properly classified."

39.     OIP's response stated that the issue was now ripe for judicial review under 5

U.S.C. § 552(a)(4)(B).

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Denial of Expedited Processing by NSD

40.     American Oversight repeats the allegations in the foregoing paragraphs and

incorporates them as though fully set forth herein.

41.     American Oversight properly requested records within the possession, custody,

and control of NSD, a component of DOJ, on an expedited basis.

42.     DOJ is an agency subject to FOIA and must process FOIA requests on an

expedited basis pursuant to the requirements of 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e).

43.     The records sought by American Oversight relate to a matter of widespread and

exceptional media interest in which there exist possible questions concerning the government's

integrity that affect public confidence, and therefore justify expedited processing under 28 C.F.R.

§ 16.5(e)(1)(iv).

44.     DOJ and NSD wrongfully denied expedited processing of American Oversight's

request.

45.     DOJ and NSD's failure to grant expedited processing violates FOIA and DOJ

regulations.

46.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive

relief requiring NSD to grant expedited processing of American Oversight's FOIA request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Grant Expedited Processing by FBI

47.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

48.     American Oversight properly requested records within the possession, custody, and control of the FBI, a component of the DOJ, on an expedited basis.

49.     DOJ is an agency subject to FOIA, and must process FOIA requests on an expedited basis pursuant to the requirements of 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e).

50.     The records sought by American Oversight relate to a matter of widespread and exceptional media interest in which there exist possible questions concerning the government's integrity that affect public confidence, and therefore justify expedited processing under 28 C.F.R. § 16.5(e)(1)(iv).

51.     The FBI and DOJ failed to ensure that a determination of whether to provide expedited processing was made and notice of the determination was provided to American Oversight within ten days after the date of American Oversight's FOIA request.

52.     The FBI's failure to grant expedited processing violates FOIA and DOJ regulations.

53.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring the FBI to grant expedited processing of American Oversight's FOIA request.

## COUNT III
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records by NSD

54.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

55.     American Oversight properly requested records within the possession, custody, and control of NSD, a component of DOJ.

56.     DOJ is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

57.     NSD did not conduct a search for responsive records, incorrectly claiming that the confirmation or denial of the existence of responsive records would, in and of itself, reveal information properly classified under Executive Order 13526.

58.     NSD's failure to search for responsive records violates FOIA.

59.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring NSD to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA request.

**COUNT IV**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Search for Responsive Records by FBI**

60.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

61.     American Oversight properly requested records within the possession, custody, and control of the FBI, a component of DOJ.

62.     DOJ is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

63.     The FBI has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA request.

64.     The FBI's failure to search for responsive records violates FOIA.

65.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring the FBI to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA request.

### COUNT V
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records by NSD

66.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

67.     American Oversight properly requested records within the possession, custody, and control of the NSD, a component of DOJ.

68.     DOJ is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records and provide a lawful reason for withholding any materials.

69.     NSD wrongfully withheld agency records requested by American Oversight by failing to confirm or deny the existence or nonexistence of responsive records notwithstanding the fact that the government has previously officially acknowledged both the existence and the nonexistence of the requested records.

70.     NSD's failure to provide all responsive records violates FOIA.

71.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring NSD to promptly produce all non-exempt responsive records and provide a *Vaughn* index of any responsive records withheld under claim of exemption.

### COUNT VI
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records by FBI

72.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

73.     American Oversight properly requested records within the possession, custody, and control of the FBI, a component of DOJ.

74.     DOJ is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records and provide a lawful reason for withholding any materials.

75.     The FBI is wrongfully withholding agency records requested by American Oversight by failing to produce records responsive to its FOIA request.

76.     The FBI's failure to provide all responsive records violates FOIA.

77.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring the FBI to promptly produce all non-exempt responsive records and provide a *Vaughn* index of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests that this Court:

(1) Order Defendants to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA request submitted on March 20, 2017, on an expedited basis;

(2) Order Defendants to produce, within twenty days of the Court's order, any and all non-exempt records responsive to American Oversight's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant DOJ and its component the National Security Division from continuing to refuse to confirm or deny the existence of records responsive to American Oversight's FOIA request;

(4) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(5) Award American Oversight the costs of this proceeding, including reasonable

attorneys' fees and other litigation costs reasonably incurred in this action, pursuant

to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant American Oversight such other relief as the Court deems just and proper.

Dated: April 19, 2017                                  Respectfully submitted,

                                                       */s/ Sara Kaiser Creighton*
                                                       Sara Kaiser Creighton
                                                       D.C. Bar No. 1002367
                                                       AMERICAN OVERSIGHT
                                                       1030 15th Street NW, B255
                                                       Washington, DC 20005
                                                       (202) 869-5246
                                                       sara.creighton@americanoversight.org
                                                       *Counsel for Plaintiff*