IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN OVERSIGHT, )
)
)
Plaintiff, )  Civil Action No. 1:17-cv-00718
)
v. )
)
U.S. DEPARTMENT OF JUSTICE, *et al.* )
)
Defendant. )

# EXHIBIT A

----START MESSAGE---- Subject: eFOIA Request Received Sent: 2017-03-20T16:41:49.699227+00:00 Status: pending Message:

## Organization Representative Information

| | |
|---|---|
| Organization Name | American Oversight |
| Prefix | |
| First Name | Sara |
| Middle Name | |
| Last Name | Creighton |
| Suffix | |
| Email | foia@americanoversight.org |
| Phone | 2028695246 |
| Location | United States |

## Domestic Address

| | |
|---|---|
| Address Line 1 | 1030 15th Street NW |
| Address Line 2 | B255 |
| City | Washington |
| State | District of Columbia |
| Postal | 20005 |

## Agreement to Pay

How you will pay

I am requesting a fee waiver for my request and have reviewed the FOIA reference guide. If my fee waiver is denied, I would like to limit my request to the two free hours of searching and 100 duplicated pages

## Proof Of Affiliation for Fee Waiver

**Waiver Explanation**  Please see attached.

**Documentation Files**  DOJ-17-0035-1.pdf

## Non-Individual FOIA Request

**Request Information**  Please see attached.

## Expedite

**Expedite Reason**  Please see attached request. Additionally, please inform Sarah Isgur Flores Director of the Office of Public Affairs, of this expedited request for records.

----END MESSAGE----



March 20, 2017

**VIA ELECTRONIC MAIL AND ELECTRONIC SUBMISSION PORTAL**

David M. Hardy, Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Department of Justice
170 Marcel Drive
Winchester, VA 22602-4843
Online Request via https://efoia.fbi.gov

Arnetta Mallory
FOIA Initiatives Coordinator
National Security Division
Department of Justice
Room 6150, 950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001
Email: nsdfoia@usdoj.gov

Amanda M. Jones
Acting Chief, FOIA/PA Unit
Criminal Division
Department of Justice
Suite 1127, Keeney Building
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001
Email: crm.foia@usdoj.gov

**Re: Expedited Freedom of Information Act Request**

Dear Mr. Hardy, Ms. Mallory & Ms. Jones:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, and Department of Justice (DOJ) implementing regulations, 28 C.F.R. Part 16, American Oversight makes the following request for records.

On March 4, 2017, the President of the United States, Donald Trump, asserted that the former President, Barack Obama, had placed wiretaps on Mr. Trump and entities or associates in Trump Tower for improper purposes during the course of the 2016 presidential campaign. This

 1030 15th Street NW, Suite B255, Washington, DC 20005   |   AmericanOversight.org

acknowledgement by the President that his campaign and associates had been subject to wiretapping, whether lawfully or unlawfully, raises significant questions about the conduct of both Mr. Obama and Mr. Trump and his associates. Mr. Trump questioned whether it was "legal for a sitting President to be 'wire tapping' a race for president prior to an election";[1] compared Mr. Obama's asserted role in the wiretapping to Nixon, Watergate, and McCarthyism;[2] and described Mr. Obama as a "Bad (or sick) guy!"[3] When asked about the basis for Mr. Trump's assertions, the White House stated, "He's the president of the United States. He has information and intelligence that the rest of us do not."[4] American Oversight is seeking records relating to the wiretapping that Mr. Trump has acknowledged occurred to inform the public about these important allegations.

### Requested Records

American Oversight requests that DOJ produce the following within twenty business days and seeks expedited review of this request for the reasons identified below:

1. All warrant applications or other records requesting a court to institute an intercept of telecommunications or a pen register trap and trace on electronic communications or telecommunications in connection with presidential candidate Donald Trump, Trump Tower (located at 725 5th Avenue, New York, NY), entities housed in Trump Tower, or any person affiliated with Mr. Trump's campaign, whether paid or unpaid, between June 16, 2015, and the present, whether under the authority of the Foreign Intelligence Surveillance Act; Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended; or other authority.

2. Any court order or other document providing authority to institute or maintain such a requested wiretap, intercept, or pen register.

3. Any court order or other document rejecting such an application or request for authority for a wiretap, intercept, or pen register.

4. Any records logging or listing any such wiretaps, intercepts, or pen registers.

5. All communications, documents, or other material exchanged between DOJ or the FBI and Congress, or briefing papers or talking points prepared for congressional briefings,

---

[1] Donald Trump (@realDonaldTrump), TWITTER (Mar. 4, 2017, 3:49 AM), https://twitter.com/realDonaldTrump/status/837993273679560704.
[2] Donald Trump (@realDonaldTrump), TWITTER (Mar. 4, 2017, 4:02 AM), https://twitter.com/realDonaldTrump/status/837996746236182529 (Nixon and Watergate); Donald Trump (@realDonaldTrump), TWITTER (Mar. 4, 2017, 3:35 AM), https://twitter.com/realDonaldTrump/status/837989835818287106 (McCarthyism).
[3] Donald Trump (@realDonaldTrump), TWITTER (Mar. 4, 2017, 4:02 AM), https://twitter.com/realDonaldTrump/status/837996746236182529.
[4] *White House Officials Stand By Trump Wiretapping Claim*, FoxNews.com, Mar. 6, 2017, http://www.foxnews.com/politics/2017/03/06/white-house-officials-stand-by-trump-wiretapping-claim.html.
2

regarding the wiretaps, intercepts, or pen registers discussed, or records described, in Items 1-4, *supra*.

Please provide all responsive records from June 1, 2015, to the date the search is conducted.

In addition to the records requested above, American Oversight also requests records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched and any tracking sheets used to track the processing of this request. If your agency uses FOIA questionnaires or certifications completed by individual custodians or components to determine whether they possess responsive materials or to describe how they conducted searches, we also request any such records prepared in connection with the processing of this request.

In processing this request, please note that the President of the United States has officially acknowledged that the federal government instituted wiretaps on communications at Trump Tower. Specifically, the President stated that he "[j]ust found out that Obama had my 'wires tapped' in Trump Tower just before the victory. Nothing found."[*] The President further elaborated, "[i]s it legal for a sitting President to be 'wire tapping' a race for president prior to an election? Turned down by court earlier,";[*] "I'd bet a good lawyer could make a great case out of the fact that President Obama was tapping my phones in October, just prior to Election!";[*] and "How low has President Obama gone to tapp [sic] my phones during the very sacred election process."[*] In light of the official acknowledgement of these activities by the President, the government may not rely on exemptions permitting the withholding of material that is classified, protected by statute, or related to an ongoing law enforcement matter. If DOJ does rely on an exemption to withhold records, whether under Exemption 1 (classified information), Exemption 3 (statutorily protected information), Exemption 7 (law enforcement information); or any so-called "Glomar" response under *Phillippi v. CIA*, 546 F.2d 1009, 1013 (D.C. Cir. 1976), and its progeny, American Oversight will challenge those withholdings in court in light of the President's acknowledgment.

American Oversight seeks all responsive records regardless of format, medium, or physical characteristics. In conducting your search, please understand the terms "record," "document," and "information" in their broadest sense, to include any written, typed, recorded, graphic, printed, or audio material of any kind. We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs, as well as letters, emails, facsimiles, telephone messages, voice mail

---

[*] Donald Trump (@realDonaldTrump), TWITTER (Mar. 4, 2017, 3:35 AM), https://twitter.com/realDonaldTrump/status/837989835818287106.
[*] Donald Trump (@realDonaldTrump), TWITTER (Mar. 4, 2017, 3:49 AM), https://twitter.com/realDonaldTrump/status/837993273679560704.
[*] Donald Trump (@realDonaldTrump), TWITTER (Mar. 4, 2017, 3:52 AM), https://twitter.com/realdonaldtrump/status/837994257566863360.
[*] Donald Trump (@realDonaldTrump), TWITTER (Mar. 4, 2017, 4:02 AM), https://twitter.com/realDonaldTrump/status/837996746236182529.

3

messages and transcripts, notes, or minutes of any meetings, telephone conversations or discussions. Our request includes any attachments to these records. **No category of material should be omitted from search, collection, and production.**

Please search all records regarding agency business. **You may not exclude searches of files or emails in the personal custody of your officials, such as personal email accounts.** Records of official business conducted using unofficial systems or stored outside of official files is subject to the Federal Records Act and FOIA.' **It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time; American Oversight has a right to records contained in those files even if material has not yet been moved to official systems or if officials have, through negligence or willfulness, failed to meet their obligations."**

In addition, please note that in conducting a "reasonable search" as required by law, you must employ the most up-to-date technologies and tools available, in addition to searches by individual custodians likely to have responsive information. Recent technology may have rendered DOJ's prior FOIA practices unreasonable. **In light of the government-wide requirements to manage information electronically by the end of 2016, it is no longer reasonable to rely exclusively on custodian-driven searches."** Furthermore, **agencies that have adopted the National Archives and Records Agency (NARA) Capstone program, or similar policies, now maintain emails in a form that is reasonably likely to be more complete than individual custodians' files.** For example, a custodian may have deleted a responsive email from his or her email program, but DOJ's archiving tools would capture that email under Capstone. Accordingly, American Oversight insists that DOJ use the most up-to-date technologies to search for responsive information and take steps to ensure that the most complete repositories of information are searched. American Oversight is available to work with you to craft appropriate search terms. However, **custodian searches are still**

---

' *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 149–50 (D.C. Cir. 2016); *cf. Judicial Watch, Inc. v. Kerry*, 844 F.3d 952, 955–56 (D.C. Cir. 2016).

" *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, No. 14-cv-765, slip op. at 8 (D.D.C. Dec. 12, 2016) ("The Government argues that because the agency had a policy requiring [the official] to forward all of his emails from his [personal] account to his business email, the [personal] account only contains duplicate agency records at best. Therefore, the Government claims that any hypothetical deletion of the [personal account] emails would still leave a copy of those records intact in [the official's] work email. However, policies are rarely followed to perfection by anyone. At this stage of the case, the Court cannot assume that each and every work related email in the [personal] account was duplicated in [the official's] work email account." (citations omitted)).

" Presidential Memorandum—Managing Government Records, 76 Fed. Reg. 75,423 (Nov. 28, 2011), *available at* https://obamawhitehouse.archives.gov/the-press-office/2011/11/28/presidential-memorandum-managing-government-records; Office of Mgmt. & Budget, Exec. Office of the President, Memorandum for the Heads of Executive Departments & Independent Agencies, "Managing Government Records Directive," M-12-18 (Aug. 24, 2012), *available at* https://www.archives.gov/files/records-mgmt/m-12-18.pdf.

required; agencies may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.

Under the FOIA Improvement Act of 2016, agencies must adopt a presumption of disclosure, withholding information "only if . . . disclosure would harm an interest protected by an exemption" or "disclosure is prohibited by law."[14] If it is your position that any portion of the requested records is exempt from disclosure, American Oversight requests that you provide an index of those documents as required under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). As you are aware, a *Vaughn* index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA."[15] Moreover, the *Vaughn* index "must describe *each* document or portion thereof withheld, and for *each* withholding it must discuss the consequences of disclosing the sought-after information."[16] Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'"[17]

In the event some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document.[18] Claims of nonsegregability must be made with the same degree of detail as required for claims of exemptions in a *Vaughn* index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

**You should institute a preservation hold on information responsive to this request.** American Oversight intends to pursue all legal avenues to enforce its right of access under FOIA, including litigation if necessary. Accordingly, DOJ is on notice that litigation is reasonably foreseeable.

To ensure that this request is properly construed, that searches are conducted in an adequate but efficient manner, and that extraneous costs are not incurred, American Oversight welcomes an opportunity to discuss its request with you before you undertake your search or incur search or duplication costs. By working together at the outset, American Oversight and the Department can decrease the likelihood of costly and time-consuming litigation in the future.

Where possible, please provide responsive material in electronic format by email or in PDF or TIF format on a USB drive. Please send any responsive material being sent by mail to American

---

[14] FOIA Improvement Act of 2016 § 2 (Pub. L. No. 114-185).

[15] *Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979).

[16] *King v. U.S. Dep't of Justice*, 830 F.2d 210, 223–24 (D.C. Cir. 1987) (emphasis in original).

[17] *Id.* at 224 (citing *Mead Data Central, Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977)).

[18] *Mead Data Central*, 566 F.2d at 261.

Oversight, 1030 15ᵗʰ Street, NW, Suite B255, Washington, DC 20005. If it will accelerate release of responsive records to American Oversight, please also provide responsive material on rolling basis.

### Fee Waiver Request

In accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. § 16.10(k), American Oversight requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government, and the disclosures will likely contribute to a better understanding of relevant government procedures by the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes. 5 U.S.C. § 552(a)(4)(A)(iii).[13]

American Oversight requests a waiver of fees because disclosure of the requested information is "in the public interest because it is likely to contribute significantly to public understanding" of government operations and is not "primarily in the commercial interest of the requester."[14] The disclosure of the information sought under this request will document and reveal the operations of the federal government, including how public funds are spent and how officials conduct the public's business.

Allegations of Russian interference in the U.S. election and the Trump campaign's closeness to Russian officials has been the subject of significant media coverage. On August 27, 2016, then-Senate Minority Leader Harry Reid wrote to F.B.I. Director James Comey asking Mr. Comey to investigate evidence of planned tampering by the Russians.[15] Then on September 8, 2016, the same day that then-Senator Jeff Sessions reportedly held a one-on-one meeting with Russian Ambassador Sergey Kislyak, the *New York Times* published an article quoting Mr. Sessions in which Mr. Trump's campaign reaffirmed its embrace of Russian president Vladimir Putin.[16] More recently, a week prior to Mr. Trump's inauguration, reports surfaced that Michael T. Flynn, Mr. Trump's first National Security Advisor, spoke with Mr. Kislyak the day before the Obama administration imposed sanctions on Russia as retaliation for the election interference.[17]

---

[13] *See, e.g., McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1285 (9th Cir. 1987).
[14] 5 U.S.C. § 552(a)(4)(A)(iii); 28 C.F.R. § 16.10(k).
[15] David E. Sanger, *Harry Reid Cites Evidence of Russian Tampering in U.S. Vote, and Seeks F.B.I. Inquiry*, N.Y. TIMES, Aug. 29, 2016, https://www.nytimes.com/2016/08/30/us/politics/harry-reid-russia-tampering-election-fbi.html.
[16] Jonathan Martin & Amy Chozick, *Donald Trump's Campaign Stands By Embrace of Putin*, N.Y. TIMES, Sept. 8, 2016, https://www.nytimes.com/2016/09/09/us/politics/hillary-clinton-donald-trump-putin.html.
[17] Julie Hirschfeld Davis et al., *Trump National Security Adviser Called Russian Envoy Day Before Sanctions Were Imposed*, N.Y. TIMES, Jan. 13, 2017, https://www.nytimes.com/2017/01/13/us/politics/donald-trump-transition.html.

On March 4, 2017, Mr. Trump asserted that former President Obama had placed wiretaps on Mr. Trump and entities in Trump Tower during the course of the 2016 presidential campaign for improper purposes. Mr. Trump questioned whether it was "legal for a sitting President to be 'wire tapping' a race for president prior to an election";" compared Mr. Obama's asserted role in the wiretapping to Nixon, Watergate, and McCarthyism;" and described Mr. Obama as a "Bad (or sick) guy!"" Disclosure of the requested information is in the public interest because it would inform the public regarding these very serious allegations about the conduct of both the current and former presidents and their staffs.

This request is primarily and fundamentally for non-commercial purposes. As a 501(c)(3) nonprofit, American Oversight does not have a commercial purpose and the release of the information requested is not in American Oversight's financial interest. American Oversight's mission is to promote transparency in government, to educate the public about government activities, and to ensure the accountability of government officials. American Oversight will use the information gathered, and its analysis of it, to educate the public through reports, press releases, or other media. American Oversight will also make materials it gathers available on our public website.

Accordingly, American Oversight qualifies for a fee waiver.

<u>Application for Expedited Processing</u>

Pursuant to 5 U.S.C. § 552(a)(6)(E)(1) and 28 C.F.R. § 16.5(b), (e)(1)(iv), American Oversight requests that the Department of Justice expedite the processing of this request.

I certify to be true and correct to the best of my knowledge and belief, that there is widespread and exceptional media interest and there exist possible questions concerning the government's integrity, which affect public confidence. There is widespread and exceptional media interest in Mr. Trump's allegations that Mr. Obama directed the tapping of the communications of Mr. Trump and persons affiliated with his campaign for purposes related to the 2016 presidential election," and in the allegations that Mr. Trump and his campaign affiliates had contacts with

---

" Donald Trump (@realDonaldTrump), TWITTER (Mar. 4, 2017, 3:49 AM), https://twitter.com/realDonaldTrump/status/837993273679560704.
" Donald Trump (@realDonaldTrump), TWITTER (Mar. 4, 2017, 4:02 AM), https://twitter.com/realDonaldTrump/status/837996746236182529 (Nixon and Watergate); Donald Trump (@realDonaldTrump), TWITTER (Mar. 4, 2017, 3:35 AM), https://twitter.com/realDonaldTrump/status/837989835818287106 (McCarthyism).
" Donald Trump (@realDonaldTrump), TWITTER (Mar. 4, 2017, 4:02 AM), https://twitter.com/realDonaldTrump/status/837996746236182529.
" *See, e.g.*, Philip Rucker et al., *Trump Accuses Obama of 'Nixon/Watergate' Wiretap – But Offers No Evidence*, WASH. POST, Mar. 4, 2017, https://www.washingtonpost.com/politics/trump-accuses-obama-of-nixonwatergate-wiretap--but-offers-no-evidence/2017/03/04/1ddc35e6-0114-11e7-8ebe-6e0dbe4f2bca_story.html?hpid=hp_hp-top-table-main_trumpwiretap-

Russian officials, and that those contacts are under investigation." The requested documents will shed light on these issues of considerable interest to the public. Both the allegation that Mr. Obama improperly instituted wiretaps for electoral purposes and the possibility that investigations established national security or criminal bases to seek court ordered wiretapping of Mr. Trump and persons affiliated with his campaign similarly raise questions about whether both the current and the former president or their associates acted unlawfully and about the very integrity of the 2016 presidential election. These are self-evidently matters "in which there exist possible questions about the government's integrity that affect public confidence."

Accordingly, American Oversight's request satisfies the criteria for expedition.

<u>Conclusion</u>

We share a common mission to promote transparency in government. American Oversight looks forward to working with you on this request. If you do not understand any part of this request, have any questions, or foresee any problems in fully releasing the requested records, please contact

---

8pm%3Ahomepage%2Fstory&tid=a_inl&utm_term=.c2ab0fcc0083; Elliot Smilowitz, *Trump Accuses Obama of Wiretapping Trump Tower* (Mar. 4, 2017, 6:51 AM), http://thehill.com/homenews/administration/322337-trump-accuses-obama-of-wiretapping-trump-tower; Jeremy Diamond et al., *Trump's Baseless Wiretap Claim*, CNN (Mar. 5, 2017, 6:59 AM), http://www.cnn.com/2017/03/04/politics/trump-obama-wiretap-tweet/.

" *See, e.g.*, Adam Entous et al., *Sessions Met with Russian Envoy Twice Last Year, Encounters He Later Did Not Disclose*," WASH. POST, Mar. 1, 2017, https://www.washingtonpost.com/world/national-security/sessions-spoke-twice-with-russian-ambassador-during-trumps-presidential-campaign-justice-officials-say/2017/03/01/77205eda-feac-11e6-99b4-9e613afeb09f_story.html; Brooke Seipel, *Bush's Ethics Lawyer On Sessions Talks with Russia Ambassador: 'Good Way To Go To Jail'*, THE HILL BLOG (Mar. 1, 2017, 10:34 PM), http://thehill.com/blogs/blog-briefing-room/news/321936-ethics-lawyer-to-george-w-bush-on-sessions-talks-with-russa; David E. Sanger, *Harry Reid Cites Evidence of Russian Tampering in U.S. Vote, and Seeks F.B.I. Inquiry*, N.Y. TIMES, Aug. 29, 2016, https://www.nytimes.com/2016/08/30/us/politics/harry-reid-russia-tampering-election-fbi.html; Julie Hirschfeld Davis et al., *Trump National Security Adviser Called Russian Envoy Day Before Sanctions Were Imposed*, N.Y. TIMES, Jan. 13, 2017, https://www.nytimes.com/2017/01/13/us/politics/donald-trump-transition.html; Margaret Hartmann, *What We Know about the Investigations Into Trump's Russia Scandal*, N.Y. MAG. (Mar. 7, 2017), http://nymag.com/daily/intelligencer/2017/03/what-we-know-about-the-probes-into-trumps-russia-scandal.html; Karen Demirjian et al., *Attorney General Jeff Sessions Will Recuse Himself from Any Probe Related to 2016 Presidential Campaign*, WASH. POST (Mar. 2, 2017), https://www.washingtonpost.com/powerpost/top-gop-lawmaker-calls-on-sessions-to-recuse-himself-from-russia-investigation/2017/03/02/148c07ac-ff46-11e6-8ebe-6e0dbe4f2bca_story.html?hpid=hp_hp-top-table-main_gopreax-840a%3Ahomepage%2Fstory&tid=ptv_rellink&utm_term=.1edd2d00bd99.

" 28 C.F.R. § 16.5(e)(1)(iv).

8

Sara Creighton at foia@americanoversight.org or 202-869-5246. Also, if American Oversight's request for a fee waiver is not granted in full, please contact us immediately upon making such a determination.

Sincerely,

Austin R. Evers
Executive Director
American Oversight

cc: Sarah Isgur Flores, Director, Office of Public Affairs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*<br><br>Defendant. | Civil Action No. 1:17-cv-00718 |

# EXHIBIT B



U.S. Department of Justice

Federal Bureau of Investigation
Washington, D.C. 20535

April 11, 2017

SARA CREIGHTON
AMERICAN OVERSIGHT
SUITE B255
1030 15TH STREET NW
WASHINGTON, DC 20005

FOIPA Request No.: 1371005-000
Subject: FBI Surveillance Orders on Donald Trump et. al (June 16, 2015 - Present)

Dear Ms. Creighton:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.

- ☑ Your request has been received at FBI Headquarters for processing.

- ☐ Your request has been received at the _____ Resident Agency / _____ Field Office and forwarded to FBI Headquarters for processing.

- ☑ You submitted your request via the FBI's eFOIA system.

    - ☑ We have reviewed your request and determined that it is compliant with the terms and conditions of the eFOIA system. You will continue to receive correspondence online.

    - ☐ We have reviewed your request and determined that it is not in compliance with the terms and conditions of the eFOIA system. Future correspondence will be mailed to you.

- ☐ The subject of your request is currently being processed for public release. Documents will be released to you upon completion.

- ☐ Release of responsive records will be made to the FBI's FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

- ☑ Your request for a fee waiver is being considered and you will be advised of the decision at a later date. If your fee waiver is denied, you will be charged fees in accordance with the category designated below.

- ☑ For the purpose of assessing fees, we have made the following determination:

    - ☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

    - ☑ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

    - ☐ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number. Status updates are adjusted weekly. The status of newly assigned requests may not be available until the next weekly update. If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, *et al.* ) <br> ) <br> Defendant. ) | Civil Action No. 1:17-cv-00718 |

# EXHIBIT C



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

May 2, 2017

SARA CREIGHTON
C/O CERISSA CAFASSO
AMERICAN OVERSIGHT
SUITE B255
1030 15TH STREET NW
WASHINGTON, DC 20005

Civil Litigation No.: 17-CV-718
FOIPA Request No.: 1371005-000
Subject: FBI Surveillance Orders on Donald Trump et. Al

Dear Ms. Creighton:

This is in reference to your letter directed to the Federal Bureau of Investigation (FBI), in which you requested expedited processing for the above-referenced Freedom of Information Act (FOIA) request. Pursuant to the Department of Justice (DOJ) standards permitting expedition, expedited processing can only be granted when it is determined that a FOIPA request involves one or more of the below categories.

You have requested expedited processing according to:

☐ **28 C.F.R. §16.5 (e)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

☐ **28 C.F.R. §16.5 (e)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

☐ **28 C.F.R. §16.5 (e)(1)(iii):** "The loss of substantial due process of rights."

☑ **28 C.F.R. §16.5 (e)(1)(iv):** "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

You have provided enough information concerning the statutory requirements permitting expedition; therefore, your request is approved.

Although your request is in litigation, you may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division